UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SORTON,

      Plaintiff,

v.                        Case No: 2:16-cv-129-FtM-99MRM

EIDOLON ANALYTIC, INC., a
Florida profit corporation,
GINA HYON, Individually, and
CRYSTAL               SCHAEFER,
Individually,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendants Eidolon Analytic, Inc. and Gina Hyon's (collectively, defendants) Motion for Summary Judgment (Doc. #33) filed on October 25, 2016.[1] Plaintiff David Sorton (plaintiff or Sorton) filed a response (Doc. #38) on November 22, 2016. For the reasons set forth below, the motion is denied.

**I.**

A court may grant summary judgment only if satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it goes to "a legal

_____

[1] Defendant Crystal Schaefer was not included as a movant in defendants' motion, but her affidavit was filed in support. (Doc. #35.)

element of the claim under the applicable substantive law" and thus may impact the case's outcome.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004).

"The burden of establishing that there is no genuine issue of material fact lies with the moving party."  Walker v. Darby, 911 F.2d 1573, 1576 (11th Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).  "[O]nce the moving party has met that burden by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial," the party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial.  A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Id. at 1576–77.  In ruling on the motion, the court must view all evidence and draw all reasonable inferences in favor of the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).

Summary judgment should be denied not just where the parties disagree on issues of material fact, but also "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts."  Warrior Tombigbee Transp.

Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983); see also Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007) ("If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment."). Put simply, if the resolution of a material fact or the inference to be drawn therefrom presents a "he said, she said" scenario, and if the record has evidence genuinely supporting both sides of the story, then summary judgment is not appropriate.

## II.

Plaintiff filed a one-count Amended Complaint (Doc. #22) alleging that defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, by failing to properly compensate him for overtime hours worked in excess of 40 hour per week. Plaintiff seeks compensation, liquidated damages, and reasonable attorney's fees.

The following facts are undisputed: Defendants hired plaintiff to work as a Fabricator of commercial signs by entering a contract for employment dated June 30, 2014.[2] Plaintiff earned an annual salary of $46,800 and voluntarily left employment in December of 2015. Defendant Gina Hyon (Hyon) is the president of

---

[2] Plaintiff admits that there was a contract but does not recognize his signature on the contract.

Eidolon Analytic, Inc.  Other employees worked with plaintiff in the fabrication department, but plaintiff had the most experience as a fabricator by a considerable number of years.  Therefore, plaintiff had the authority to direct other employees in the fabrication department and he trained them.  Plaintiff was responsible for selecting the materials needed for each job and had access to a business charge card for purchases.  As far as plaintiff's duties go, he would receive work orders for a sign and build it, which included cutting, bending, sanding, welding, painting, loading the sign onto a truck upon completion, and installing it at a job site.  He would also clean up the fabrication department.  Hyon, as president, was in charge of hiring, firing, overseeing payroll, setting wages, and reviewing billing records for the company.

Defendants argue they are entitled to summary judgment because plaintiff qualifies as an "executive" employee under the FLSA and is thus exempt from the FLSA's overtime wage requirements. Defendants also argue that plaintiff is not entitled to liquidated damages because the company was acting in good faith when it did not pay plaintiff overtime.  Defendants also assert that because there is no willful violation, the two-year statute of limitations has run on plaintiff's claims.

**III.**

Congress enacted the FLSA to ensure a "minimum standard of living necessary for health, efficiency, and general well being . . ." for workers in the United States. 29 U.S.C. § 202(a). The FLSA mandates that an employee who is "engaged in interstate commerce" must be paid an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week. 29 U.S.C. § 207(a). If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay. Id. at § 216(b). Certain exceptions exist, but the Eleventh Circuit has recognized the Supreme Court's "admonition that courts closely circumscribe the FLSA's exceptions." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233 (11th Cir. 2008). Any exemptions to the FLSA overtime requirement are to be construed narrowly, against the employer. Id. (internal citations omitted). Defendants bear the burden of proving the executive exemption. Id. at 1269.

**IV.**

**A. Executive Exemption**

The executive exemption at issue here provides that the FLSA's requirements "shall not apply with respect to . . . any employee employed in a bona fide executive . . . capacity." Id. at § 213(a)(1). "Congress expressly authorized the Secretary of Labor

to define the scope of the executive, administrative, and professional employee exemptions [in section 213(a)(1)]." Avery v. City of Talladega, 24 F.3d 1337, 1340 (11th Cir. 1994) (citation omitted). "Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.'" Id. (quoting Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984)); see also Morgan, 551 F.3d 1233.

The term "employee employed in a bona fide executive capacity" means any employee:

**(1)** Compensated on a salary basis at a rate of not less than $455 per week . . .;

**(2)** Whose primary duty is management of the enterprise in which the employee is employed . . .;

**(3)** Who customarily and regularly directs the work of two or more other employees; and

**(4)** Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a). Generally, "management" includes:

interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining

> the type of materials, supplies, machinery, equipment or
> tools to be used or merchandise to be bought, stocked
> and sold; controlling the flow and distribution of
> materials or merchandise and supplies; providing for the
> safety and security of the employees or the property;
> planning and controlling the budget; and monitoring or
> implementing legal compliance measures.

Id. at § 541.102.

The parties agree that the first element of the executive exemption test — the amount of salary — is met, but they dispute the remaining elements.  The Court finds that defendants have not carried their burden of demonstrating that Sorton was an "executive" employee under Section 541.100 since most of his duties are not within the description of "management" as set forth in § 541.102.  For example, he did not interview potential employees for the fabrication department, nor did he select the potential fabricators.  The parties dispute whether plaintiff had the authority to make recommendations as to the hiring, promotion, firing, or salary of an employee.  Furthermore, Sorton did not plan or control any budgets, nor did he monitor legal compliance measures.

In sum, defendants assert few responsibilities that Sorton arguably possessed that might point to management as his primary duty.  Rather, defendants principally rely on Hyon's _disputed_ testimony that plaintiff was a supervisor over other employees in the fabrication department and made executive decisions for the

company regarding those employees.[3]   Importantly, for summary

judgment purposes, Sorton disputes that he had such authority.

Defendants point to no evidence that Sorton ever used such

authority or was asked to do so.   The fact that plaintiff spent

some time training others in the fabrication department does not

support summary judgment for the defendants.   The Code of Federal

Regulations is helpful in this regard through the following

illustration:

> [A] relief supervisor or working supervisor whose
> primary duty is performing nonexempt work on the
> production line in a manufacturing plant does not become
> exempt merely because the nonexempt production line
> employee occasionally has some responsibility for
> directing the work of other nonexempt production line
> employees when, for example, the exempt supervisor is
> unavailable.  Similarly, an employee whose primary duty
> is to work as an electrician is not an exempt executive
> even if the employee also directs the work of other
> employees on the job site, orders parts and materials
> for the job, and handles requests from the prime
> contractor.

29 C.F.R. § 541.106(c).

Even if Sorton did perform management functions, defendants

have not demonstrated undisputed facts that management was his

"primary duty."   The Code of Federal Regulations state that

---

[3] Defendants also point to plaintiff's title in his employment
contract, which was "Supervisor of Operations and Fabrication," as
support for their argument that he performed management duties.
(Doc. #33-2.)  But "[w]hen it comes to deciding whether an employee
is an executive within the meaning of the FLSA, the answer is in
the details."  <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d
1259, 1264 (11th Cir. 2008).

"primary duty" means "the principal, main, major or most important duty that the employee performs" and instruct courts to analyze the following factors in assessing whether an employee's "primary duty" is management:

 **(1)** the relative importance of the exempt duties as compared with other types of duties;

 **(2)** the amount of time spent performing exempt work;

 **(3)** the employee's relative freedom from direct supervision; and

 **(4)** the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

Id. at § 541.700(a).  A "useful guide" in determining whether exempt work is the primary duty of an employee is if the employee spends more than 50 percent of his time performing exempt work. Id. at § 541.700(b).  "Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion." Id.  The determination must be made based on the character of the employee's job as a whole. Id. at § 541.700(a).

"[A]n employee's performance of nonexempt work does not preclude the exemption if the employee's primary duty remains management.  Similarly, an employee whose primary duty is to perform nonexempt work does not become exempt merely because she has some responsibility for occasionally directing the work of

nonexempt employees." Morgan, 551 F.3d at 1268. Whether the
employee meets the requirements of the executive-exemption test
under § 541.100 when the employee performs concurrent duties is
determined on a case-by-case basis after an analysis of the facts
set forth in § 541.700(a) as to the primary duty question. Id.
at 1268-69.

Here, defendants have not shown undisputed facts that Sorton
spent over 50 percent of his time performing management duties,
nor that he spent less than 50 percent of his time performing
management duties. 29 C.F.R. § 541.700(b). Although defendant
Hyon testified that plaintiff had broad authority over the company,
she did not testify as to what amount of time he spent on such
management-related tasks. Importantly, plaintiff denies that he
supervised any employees in the fabrication department or that he
held a management position; denies that he determined what work
was to be done and when; denies that he made any executive
decisions for defendants or that he was asked to do so; denies
that he was free from direct supervision by defendants; and denies
that he could make purchases on behalf of the company without
defendants' approval. He has also submitted a Declaration (Doc.
#38-1) stating that he spent approximately 90 percent of this time
fabricating and installing signs for the company's customers.

Narrowly construing FLSA exemptions, the Court finds that
defendants have failed to demonstrate that the undisputed material

facts establish that Sorton was a bona fide "executive" employee and exempt from the FLSA's overtime wage requirement.[4]

## B. Liquidated Damages Claim

Defendants also argue that plaintiff's claim for liquidated damages should be dismissed because Eidolon's president, Hyon, was acting in good faith when she did not pay plaintiff overtime.  In support, defendants point to Hyon's testimony wherein she relied on a poster from the Department of Labor when making this determination.  Although defendants ask the Court to dismiss the claim for liquidated damages, in reality defendants are requesting that judgment as a matter of law be entered on its affirmative defense of good faith.  The Court doubts that a summary judgment motion is appropriate on the issues of good faith and liquidated damages prior to a determination of liability.  In any event, there are disputed issues of material fact, and the reasonable inferences to be drawn from the facts, which preclude summary judgment.

## C. Statute of Limitations

Lastly, defendants argue that because they were acting in good faith in denying overtime compensation the statute of limitations is two years and thus part of plaintiff's claim is

---

[4] Because the Court disposes of whether Sorton qualifies as an exempt "executive" employee under the second prong of the test, it need not decide whether he satisfies requirements (3) and (4) under Section 541.100.

time barred.   Yet, under either a two or three-year statute of limitations, plaintiff's claims are not time-barred.   Plaintiff filed his initial complaint on February 16, 2016 (Doc. #1) and began his employment less than two years earlier in June of 2014.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motion for Summary Judgment (Doc. #33) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   __11th__   day of January, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record